## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| THOMAS B. CURRY | CIVIL ACTION NO. 05-1873-LC |
|---|---|
| VS. | SECTION P |
| JOEL D. ALEXANDRE, ET AL. | JUDGE TRIMBLE |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint[1] filed in *forma pauperis* by plaintiff on October 24, 2005. Plaintiff is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the Federal Corrections Institute–Oakdale (FCIO) in Oakdale, Louisiana. Plaintiff complains of denial/delay of medical attention at FCIO, and he names the following as defendants herein: FCIO Drs. Joel Alexandre and Salvadore Villalon, FCIO physician's assistant Raphael Friass, and health services administrators Scarlet Lusk and Spencer Smith.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

In his original complaint, plaintiff claimed that on November 30, 2003, he injured his right knee while playing basketball at a federal detention center in Tennessee. Plaintiff stated that he was denied care while at that facility. On October 12, 2004, plaintiff was sent to a federal

---

[1] Because it alleges civil rights violations by federal defendants, the action is construed as one brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

facility in Oklahoma for one day, and was then transferred to a facility in Texarkana, Texas. On December 17, 2004, an MRI of his right knee was performed, which showed a medial meniscus tear requiring surgery. Plaintiff was transferred to FCI Oakdale on January 12, 2005. Plaintiff stated that he made several visits to health services complaining of pain and that defendant Dr. Alexandre read his MRI report on February 8, 2005. Despite the finding of the torn meniscus and the need for surgery, plaintiff claimed that neither Dr. Alexandre nor Dr. Villalon would treat his knee. However, plaintiff stated that Dr. Alexandre eventually approved the surgery, which was performed on September 13, 2005. Following the surgery, plaintiff alleged that Dr. Alexandre refused to allow an orthopedic specialist to examine him, thus preventing plaintiff from inquiring as to what physical therapy is necessary.

Plaintiff alleged that Dr. Alexandre was deliberately indifference for not timely scheduling knee surgery; for conspiring with others to place him in a hazardous cafeteria job; for stopping or allowing pain medication to lapse; for possibly causing additional injury to his knee by making him constantly stand or walk; and, by not assigning him to a lower bunk, thereby requiring him to climb a ladder in order to get into bed. In regard to defendants Villalon and Friass, plaintiff claimed that they, too, violated his constitutional rights by refusing medical treatment to him, and by making him constantly stand, walk, and climb a ladder to get into bed. Plaintiff also alleged that defendants Lusk and Smith were deliberately indifferent to his medical needs as they had a copy of his MRI stating that surgery was needed but deliberately delayed the surgery for over six months causing needless pain and suffering. Additionally, plaintiff stated that defendants Lusk and Smith delayed proper post-operative rehabilitation. Finally, plaintiff asserted a claim under the Americans with Disabilities Act (ADA) for one million dollars. As a

result of the above, plaintiff requested compensatory, punitive and nominal damages against the defendants.

Despite the amount of information contained in plaintiff's original complaint, it nevertheless lacked specific information to support his allegations that his constitutional rights had been violated by the individuals named as defendants. Thus, this court issued a memorandum order [Doc. #22], directing plaintiff to amend his complaint and cure the deficiencies. Among other things, plaintiff was advised that to the extent that he alleged delay/denial of medical care, his complaint failed to set forth a cause of action. Plaintiff was also instructed to provide the court with documentary proof that he exhausted his administrative remedies with regard to the claims asserted in this matter.

In March 2006, plaintiff submitted a response [Doc. # 23] to the amend order. In regard to the exhaustion issue, plaintiff stated that he tried to resolve all the grievances through the administrative remedy process and that he filed: a BP-9 on February 21, 2005; a BP-10 on March 23, 2005; and, a BP-11 on September 27, 2005. Plaintiff further stated that as the administrative claims had been filed, he then proceeded to file the present matter. [Doc. #23, p. 2]. Plaintiff did not provide the court with copies of any of the alleged grievances. As to plaintiff's medical care claims against the defendants, his amended complaint did lay out his allegations in a more comprehensible manner but it did not add any significant substantive information.

## LAW AND ANALYSIS

### Failure to Exhaust Administrative Remedies

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e, was amended by the Prison Litigation Reform Act (PLRA). As amended, §1997e(a) makes the exhaustion

3

requirement mandatory in prison conditions cases. Section 1997e(a) provides,

> (a) Applicability of Administrative Remedies--No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This is a prison condition case, exactly the type of case which can best be resolved by the prison officials without resort to judicial action. In the present case, it must be noted that with respect to plaintiff's claims, the documentary evidence (or lack thereof) demonstrate that he did not properly exhaust administrative remedies before filing this lawsuit as required by 42 U.S.C. §1997e(a). Under current law, plaintiff must exhaust the administrative remedy procedure before proceeding herein. The statute provides for no exceptions.[2] The statute precludes any further action on these claims until plaintiff has fully exhausted the administrative remedy procedure. See also *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998)(§1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a §1983 suit, rather than while the action is pending....[t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation."); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)(dismissal for failing to exhaust administrative remedies is justified "as a deterrent to premature filing by...other potential litigants, thus serving the Congressional purpose of providing relief from frivolous prisoner litigation...and [b]y choosing to file and pursue his suit prior to exhausting administrative remedies as required, [the plaintiff] sought relief to which

---

[2] see also *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002), "... we hold that the PLRA's exhaustion requirement <u>applies to all inmate suits about prison life</u>, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. (citation omitted)"

4

he was not entitled – that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures.").

Further, a plaintiff cannot be excused from the PLRA's mandatory exhaustion requirements based on allegations that his grievance (s) was ignored. See *Wright v. Hollingworth*, 260 F.3d 357, 358 (5th Cir. 2001) (holding that merely filing a grievance without further action does not demonstrate exhaustion of administrative remedies as contemplated by the PLRA). The regulations provide that "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Additionally, the Supreme Court has made it clear that even futility is not a basis for a court to excuse a plaintiff's failure to exhaust. See *Booth v. Churner*, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001) ("we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"); accord *Porter*, 534 U.S. 516, 524, 122 S.Ct. 983, 988, 152 L.Ed.2d 12, ("All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" (citation omitted)(emphasis supplied).

As to all claims advanced by plaintiff in his complaint, he had available to him the multi-step procedure set forth in the Bureau of Prison's Administrative Remedy Program. See 28 C.F.R. § 542. The BOP regulations provide "a process through which inmates may seek formal review of an issue which relates to any aspect of their confinement ... if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. In accordance with the BOP's ARP, an inmate shall first attempt informal resolution of his complaint by presenting the issue informally to staff, and staff must attempt to resolve the issue. See 28 C.F.R. § 542.13(a). Plaintiff herein only

5

provided one document (Doc.# 1-1, p. 8) dated prior to filing this suit that falls within the above category. The document, dated September 15, 2005, is an inmate request to staff member (directed to defendant Lusk) which complained only that defendant Friass refused to change plaintiff's bandage. There were no allegations concerning any of the other defendants nor any indication that plaintiff proceeded any further with this complaint.

BOP Regulations further provide that if the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the warden, on a designated form, within twenty days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.15(a). Further, the regulations provide that in the event the inmate's formal request is denied, the inmate may submit an appeal to the appropriate Regional Director of the BOP. See 28 C.F.R. § 542.15(a). Again, plaintiff submitted only one document, a letter dated June 23, 2005 to the South Central Regional Office requesting a response to an unspecified grievance. Finally, the regulations provide that a negative decision from the Regional Director may in turn be appealed to the General Counsel's Office within thirty days of the date of the Regional Director's decision.

Despite the amend order instructing plaintiff to provide some type of proof that he proceeded through the remedy process, he nevertheless failed to do so. In fact, the two documents mentioned above (the June 23, 2005 letter and the September 15, 2005 inmate request to staff member ) were attached to plaintiff's original complaint, and again, are the only two grievance-related documents that he submitted which are dated prior to the filing of this suit. Simply put, plaintiff has not shown that he complied with the exhaustion mandate in regard to the administrative remedy procedure. Under current law, he must do so before proceeding herein. However, even giving plaintiff the benefit of the doubt with regard to the exhaustion

6

issue, the court still finds that plaintiff's remaining claims should be dismissed.

**Frivolity Review**

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[3] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss as frivolous a prisoner suit on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under §1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under §1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by

---

[3] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

As previously discussed, plaintiff was specifically advised that his original complaint was deficient and was ordered to amend that complaint to state a viable claim. His amended complaint nevertheless failed to cure the noted deficiencies. Thus, accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

**Inadequate Medical Care**

Plaintiff's claims of delayed, denied, or inadequate medical care are without merit. Medical care claims asserted by prisoners are analyzed under the Eighth Amendment. In order to succeed on a medical care claim such as plaintiff's herein, he must establish the defendants, in each instance, were "deliberately indifferent" to his serious medical condition. It is only this deliberate indifference, "an unnecessary and wanton infliction of pain . . . or acts repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Gregg v. Georgia*, 96 S.Ct. 2909 (1976); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act.

8

Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.* A plaintiff's disagreement with the course of treatment offered by the medical staff does not establish that a constitutional violation has occurred. *See Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather, supra; Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992) citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. See, *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)(A disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra.*

In the instant case, the facts alleged in the complaint indicate that plaintiff received medical treatment, including various examinations, prescriptions for medications, and surgery. In fact, in plaintiff's September 15, 2005, inmate request to staff member (directed to defendant Lusk, complaining that defendant Friass refused to change plaintiff's bandage, Doc.# 1-1, p. 8), plaintiff stated "I was in the pill line waiting for my medication when another Nurse came up and asked me how I was feeling. When I explained that I was having trouble breathing, my bandage needed changing and that I was unable to sleep she went in and got Dr. Alexander, who took me in immediately. Since then I have had 5 breathing treatments and have been treated by both Dr.'s Alexander and Villalon.."[Doc.# 1-1, p. 9]. Plaintiff's allegations, at most, state a disagreement

amongst himself and the medical care providers regarding the procedures to treat his medical problems. As previously stated, such claims are insufficient to establish that a constitutional violation has occurred. Accordingly, this court finds that plaintiff's claim for inadequate medical care should be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

**Americans With Disabilities Act Claims**

Plaintiff also claims that the defendants violated his rights under the Americans With Disabilities Act (ADA)[4]. Title II of the ADA prohibits discrimination against the disabled by a public entity. However, because the definition of "public entity" does not include the federal government, the plaintiff cannot state a claim against the Bureau of Prisons or its employees under the ADA. *See* 42 U.S.C.A. § 12131(1)(A)-(C)(West Supp.2005); *Arawole v. Hemingway,* 2005 WL 1630013, *2 (N.D.Tex. 2005); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir.1999). Therefore, this claim should be dismissed for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

---

[4] 42 U.S.C. § 12101 *et seq.*

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this June 19, 2006.**

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE